**JAMES R. FROCCARO, JR.**
Attorney at Law
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5066
email:  JRFESQ61@aol.com

July 16, 2024

BY ECF
Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

                Re:  United States v. Andrew Badolato
                       20 Cr 412 (AT)

Dear Judge Torres:

       This letter is submitted on behalf of defendant Andrew Badolato in support of his motion for a reduction in sentence pursuant to 18 U.S.C. Section 3582(c)(2).

       As Your is no doubt well aware, under Amendment 821 to the United States Sentencing Guidelines - which took retroactive effect on November 1, 2023 - the United States Sentencing Commission created an "Adjustment for Certain Zero-Point Offenders," now operative at Guideline Section 4C1.1.  Under the new Zero-Point Offender Guideline, if Mr. Badolato satisfies the enumerated criteria - as he clearly does here - he is eligible for a two-level reduction in his total offense level and a sentence reduction.

1

In determining whether, and to what extent, a reduction in Mr. Badolato's term of imprisonment is warranted, the Court is required to determine the amended guideline range that would have been applicable if the Zero-Point Offender Guideline had been in effect at the time that Mr. Badolato was sentenced by Your Honor on April 26, 2023. See Guideline Section 1B1.10(b)(1).

At the time of Mr. Badolato's sentencing on April 26, 2023, his total offense level was determined by the Court to be a level 22. Mr. Badolato had no criminal convictions and was in Criminal History Category I. This placed Mr. Badolato within the 41-51 month prison range under the advisory Guidelines. See Sentencing Transcript (ECF Doc 389) at page 5. Mr. Badolato was ultimately sentenced by Your Honor to a below-Guidelines sentence of 36 months imprisonment in the case.[1] In reviewing the transcript of Mr. Badolato's sentencing before Your Honor it appears that the Court based this decision on a number of factors, including:

his age (58 years old);

that this was his first conviction;

that he suffered from several medical conditions, including a recent stroke which resulted in cognitive difficulties;

that he maintained a close relationships with his family, including moving in with his parents who are in their late 70's, to assist them in performing basic household tasks and watching over them;

---

[1] In reaching this determination, the Court concluded "for all of the reasons stated....that a sentence below the guidelines range is appropriate for Mr. Badolato. Accordingly, I do believe a variance pursuant to 18 United States Code, Section 3553(a) is warranted for Mr. Badolato." Id. at page 52-53.

> that the government stated that he provided "timely and accurate information about the offense conduct"; and
>
> finally, that "the Court consider[ed] that Mr. Badolato had a lesser role in the fraud compared to the other defendants. He did not misappropriate the stolen funds for his personal use, and did not participate in creating the false backdated documents to conceal the wrongdoing."

<u>See</u> Transcript of Sentencing (ECF Doc 389) at pages 49-50.  As Your Honor explained in imposing Mr. Badolato's below-Guidelines sentence:

> If there is ever a day in a person's life when he's entitled to be judged on the basis of the entirety of his background and contributions is sentencing.  And Section 3553(a) in directing the Court to consider the history and characteristics of the offender is consistent with that.

<u>Id</u>. at page 50.

With the additional 2-level zero-point offender reduction - Mr. Badolato's total offense level is now a level 20 <u>and</u> his amended Guideline prison range is 33-41 months instead of 41-51 months. While I believe that a below-Guideline sentence would continue to be warranted in Mr. Badolato's particular case, I am aware that the law prohibits the Court from reducing his term of imprisonment in connection with this motion to a term that is less than the minimum of the applicable amended Guideline range of 33 months.[2]  <u>See</u> Guideline Section 1B1.10(b)(2)(A).  I am, therefore, most respectfully asking Your Honore to reduce Mr. Badolato's term of imprisonment from 36 months to 33 months - the low end of his amended applicable Guidelines prison range.

---

[2]  Notably, at the time of his original sentencing before Your Honor - with an applicable Guidelines prison range of 41-51, rather than 33-41 months - the Probation Department recommended a sentence of 30 months for Mr. Badolato.

Significantly, Mr. Badolato - who will be 60 years old in August - has been a model inmate since surrendering for the commencement of the sentence previously imposed by this Court. I have attached hereto for Your Honor's review, a copy of the Mr. Badolato's Bureau of Prisons **Summary Reentry Plan - Progress Report**. According to the Report, Mr. Badolato has incurred no disciplinary infractions, has received good work reports from his detail supervisors, has had a good report with staff and fellow inmates alike, and is not viewed as a management concern. Mr. Badolato has also sought to improve himself by, among other things, completing and receiving his GED or High School Diploma while in prison.

For all of the foregoing reasons, I am asking Your Honor to reduce Andrew Badolato's term of imprisonment from 36 months to 33 months - the low end of his amended Guideline prison range now.

        Respectfully submitted

        /JRF/

        James R. Froccaro, Jr.

JRF:pa
Encl.