

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 30, 2024

<u>**BY ECF**</u>

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  **Re:**   ***United States v. Andrew Badolato*, 20 Cr. 412 (AT)**

Dear Judge Torres:

  The Government respectfully submits this letter in the above-captioned matter in response to defendant Andrew Badolato's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. 430). The defendant's motion seeks a sentence reduction through the retroactive application of United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821, which took effect on November 1, 2023. Here, the motion rests on the following portion of Amendment 821:

- Part B, Subpart 1, which creates a new provision, Section 4C1.1, which provides a two-level downward adjustment in offense level for certain offenders who present zero criminal history points and are not subject to any of the ten exclusionary criteria listed in the new U.S.S.G. § 4C1.1

A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, *and if* the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance.

  For the reasons set forth below, the defendant's motion should be granted.

  The Government agrees with the Probation Office and the defendant that Amendment 821 reduced the Guidelines range applicable in this case, and therefore the Court may, but need not, reduce the defendant's sentence. Specifically, because the defendant receives a two-level reduction for having no criminal history points, the final offense level in this case is now 20, and the criminal history category is I. This results in an amended advisory Guidelines range of 33 to 41 months' imprisonment. This is a reduction from the previously applicable range of 41 to 51 months' imprisonment.

The extent of the permissible reduction, should the Court determine to resentence the defendant in light of this amended range, is limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u); *Dillon,* 560 U.S. at 826 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'"). "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute." *United States v. Jackso*n, 751 F.3d 707, 711 (6th Cir. 2014).

In 2011, the Sentencing Commission directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence based on substantial assistance), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. §1B1.10 app. note 3 (Nov. 1, 2011). Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." *Id.*[1] In addition, any order retroactively applying Amendment 821 may not take effect before February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2) ("The court shall not order a reduced term of imprisonment based on [the retroactive portions of] Amendment 821 unless the effective date of the court's order is February 1, 2024 or later.").

As noted above, the Government agrees at step one that the defendant is eligible for a sentence reduction. Turning to step two, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see also* U.S.S.G. §1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other

---

[1] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the term of imprisonment imposed was 70 months; and (3) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

U.S.S.G. § 1B1.10 app. note 3.

component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").  The Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. *See, e.g.*, *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

Here, considering all facts and circumstances, the Government does not object to the Court granting the defendant's motion, and reducing the defendant's sentence to a sentence not less than 33 months' imprisonment—which is the bottom of the amended Guidelines range—because the Court previously determined that a comparable sentence relative to the original Guidelines range was warranted.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/_____
    Nicolas Roos
    Robert B. Sobelman
    Derek Wikstrom
    Assistant United States Attorneys
    (212) 637-2421/2616/1085

cc:    James R. Froccaro, Jr., Esq. (by ECF)