UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ANDREW BADOLATO,

                          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _07/30/2024_

20 Cr. 412-3 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 26, 2023, after pleading guilty to conspiracy to commit wire fraud, Defendant, Andrew Badolato, was sentenced to a term of imprisonment of 36 months.  Judgment, ECF No. 388; *see* Sentencing Tr., ECF No. 389.  He now moves for a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines (the "Guidelines").  Def. Mot., ECF No. 430.  For the reasons stated below, Badolato's motion is GRANTED.

## BACKGROUND

### I.      Statutory Framework

Pursuant to 18 U.S.C. § 3582(c)(2), after considering the factors set forth in 18 U.S.C. § 3553(a), the Court may reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The United States Sentencing Commission recently revised the Guidelines in what is known as Amendment 821.  U.S.S.G. App. C, amend. 821.  Part B of Amendment 821 inserts a new § 4C1.1, which provides a two-level offense level reduction for offenders with zero criminal history points who meet certain eligibility criteria.  Amendment 821, which is retroactive, went into effect on November 1, 2023.

### II.     Factual Background

From 2018 to 2019, Badolato participated in the "We Build the Wall" scheme to solicit funds from donors who believed their contributions would be used to fund the construction of a wall along the southern border of the United States.  *See* Sentencing Tr. at 45:18–24.  In reality, Badolato and his co-defendants used the donated funds to pay themselves salaries and other personal expenses, "ripping off individual donors" and "eroding the public's faith in the political process."  *Id.* at 47:1–11, 52:15–17.

During Badolato's sentencing, the Court found that "a sentence below the [G]uidelines range [was] appropriate" given his health challenges and lesser role in the fraud compared to the

other defendants. *Id.* at 49:4–14, 50:10–16, 52:21–22. The Court sentenced Badolato to 36 months of imprisonment—below the then-applicable Guidelines range of 41 to 51 months, based on an offense level of 22 and a criminal history category of I. *Id.* at 5:15–17; 53:7–9; Judgment at 2. The Court also entered an order of forfeiture in the amount of $1,414,368, ECF No. 178, and ordered Badolato to pay restitution in that same amount, ECF No. 410 at 2.

The Bureau of Prisons currently projects that Badolato will be released from prison on January 12, 2026. Supp. PSR at 1, ECF No. 425. Badolato has not incurred any disciplinary infractions while incarcerated. *Id.* at 3. He has participated in several educational programs and work assignments, including working in food service and as an inmate transporter. *Id.* at 4.

### III.   Procedural History

On November 22, 2023, Probation filed a supplemental presentence report indicating that Badolato was eligible for a sentence reduction pursuant to Amendment 821. Supp. PSR at 3. On July 16, 2024, counsel for Badolato moved for a sentence reduction to 33 months' imprisonment. Def. Mot at 3. The Government filed a response on July 30, 2024, stating that Badolato's motion should be granted and his sentenced reduced to 33 months' imprisonment. ECF No. 432.

### <u>DISCUSSION</u>

Badolato is eligible for a sentencing reduction pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2). *See* Supp. PSR at 3. Based on the Court's independent evaluation of the Guidelines, Badolato's amended Guidelines range is 33 to 41 months, based on an offense level of 20 and a criminal history category of I.

In considering the instant motion, the Court must balance the factors set forth in 18 U.S.C. § 3553(a). Since his sentencing, Badolato has engaged in an array of work assignments and classes, and has not incurred any disciplinary infractions. Badolato has also "sought to improve himself" by, among other things, completing his GED. Def. Mot. at 4. The Court notes, as it did at sentencing, that Badolato's offense conduct was undoubtedly serious, as he played a role in a multimillion-dollar fraud scheme that "injured the body politic" and robbed many victims of their savings. *See* Sentencing Tr. at 52:18–19.

Having considered the record in this case and the parties' arguments, it is hereby ORDERED that Defendant's term of imprisonment is reduced to **33 months' imprisonment**. All other components of the sentence remain as originally imposed.

The Clerk of Court is directed to terminate the motion at ECF No. 430.

SO ORDERED.

Dated:  July 30, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge