USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _________________
DATE FILED: 10/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

ANDREW BADOLATO,

Defendant.

20 Cr. 412-3 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 21, 2022, Defendant, Andrew Badolato, pleaded guilty to conspiracy to commit wire fraud. *See* ECF Minute Enry 4/21/2022. On April 26, 2023, the Court sentenced him to 36 months' imprisonment and a three-year term of supervised release. *See* Judgment, ECF No. 388.[1] Badolato moves pursuant to 18 U.S.C. § 3583(e)(1) for early termination of his supervised release, which began on March 14, 2025. *See* Mot. at 1, ECF No. 456; Opp. at 1, ECF No. 457. In the alternative, Badolato moves for modification of his travel conditions under 18 U.S.C. § 3583(e)(2). *See* Mot. at 1. Probation and the Government both oppose early termination, but do not object to modification of the terms of supervision to facilitate travel for work. *See* Opp. at 1, 3. For the reasons stated below, Badolato's request for modification of his travel conditions is GRANTED and his request for early termination of supervised release is DENIED without prejudice.

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Subsection 3583(e)(2) "requires the [C]ourt, as it decides whether or how to modify the conditions of supervised release, to consider many of the same factors that it is required to consider in originally imposing a sentence upon a convicted defendant." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). The relevant factors include the nature and circumstances of the offense, the defendant's history and characteristics, and certain objectives of sentencing, including the need to protect the public from further crimes of the defendant and to deter future criminal activity. *See id.*

Badolato, who has completed nineteen months of his term of supervised release, argues that early termination is warranted because of his "[u]nbroken [c]ompliance [a]cross [e]very [p]hase of [t]his [c]ase," timely restitution payments, and care for his "aging parents," including his "father . . . under hospice care at home." Mot. at 3–4. He also notes that he is "a first-time, zero-point, minimum-risk offender" who, quoting the Court at sentencing, "has taken responsibility for his actions and expressed regret for his behavior." *Id.* at 7–8.

[1] On July 30, 2024, the Court reduced Badolato's sentence to 33 months under 18 U.S.C. § 3582(c)(2) because Badolato's original sentence was based on a United States Sentencing Guidelines' range that had subsequently been lowered and made retroactive by the United States Sentencing Commission. *See* ECF No. 433.

The Court does not find that early termination of supervised release is warranted because Badolato continues to owe significant restitution, which counsels in favor of continued supervision. *See* 18 U.S.C. § 3583(c) (citing § 3553(a)(7) as a factor to consider when determining whether to terminate supervised release); *id.* § 3553(a)(7) (noting "the need to provide restitution to any victims of the offense" as a fact to consider when imposing a sentence). Although Badolato reports that he is currently paying restitution, he still owes over $1.4 million. *See* Mot. at 4; Opp. at 2. The Court finds that unpaid restitution justifies ongoing supervision.

Although the Court considers that Badolato appears to have generally demonstrated compliance with his terms of supervised release, this is insufficient. "Full compliance with the terms is what is expected of a person . . . and does not [alone] warrant early termination." *United States v. Fenza*, No. Cr. 03-0921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013).

Additionally, Badolato claims that the travel approval process has hampered his consulting work, which "requires frequent, short-notice travel." Mot. at 12. He requests a modification to the conditions such that he can engage in travel without prior approval so long as he notifies Probation twenty-four hours in advance. *Id.* at 1. For two years Badolato has complied with his travel requirements, *id.* at 12, and the Government does not object to a modification of the travel conditions "to allow reasonable short-notice travel without prior approval of Probation." Opp. at 3. Given Badolato's professional concerns, the Government's lack of opposition, and no apparent opposition from Probation, the Court finds this modification to be reasonable.

Accordingly, Badolato's motion for modification of the conditions of supervised release to only require twenty-four hour telephonic or electronic notice, rather than prior approval, for travel within the continental United States is GRANTED. His motion for termination of his supervised release is DENIED without prejudice to renewal. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 454 and 456.

SO ORDERED.

Dated: October 21, 2026
New York, New York

ANALISA TORRES
United States District Judge